**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRADLEY KREBS,

     Plaintiff - Appellant,

v.

EL DORADO CORRECTIONAL
FACILITY; KANSAS DEPARTMENT
OF CORRECTIONS; ELLSWORTH
CORRECTIONAL FACILITY;
HUTCHINSON CORRECTIONAL
FACILITY; KANSAS JUVENILE
CORRECTIONAL COMPLEX;
LANSING CORRECTIONAL FACILITY;
LARNED CORRECTIONAL MENTAL
HEALTH FACILITY; LARNED
JUVENILE CORRECTIONAL
FACILITY; NORTON CORRECTIONAL
FACILITY; TOPEKA CORRECTIONAL
FACILITY; WICHITA WORK RELEASE
FACILITY; WINFIELD
CORRECTIONAL FACILITY; KANSAS
CORRECTIONAL INDUSTRIES;
STOCKTON CORRECTIONAL
CENTER; OSWEGO CORRECTIONAL
FACILITY,

     Defendants - Appellees.

No. 16-3054
(D.C. No. 5:15-CV-03050-SAC-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

In a pro se complaint, Bradley Krebs sued several Kansas correctional facilities under 42 U.S.C. § 1983. Although he did not identify a specific constitutional violation, Krebs broadly alleged that understaffing and lack of audio- and video-recording equipment at Kansas correctional facilities had risked physical abuse to prisoners. But we conclude that Krebs's claims against the correctional facilities must fail because State agencies (including correctional facilities) are not persons under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).[1] And even if we construed Krebs's later amended complaint as asserting official-capacity claims against the wardens of the facilities, Krebs's amended complaint still would fail to state a claim. *See id.* at 71 (state officials acting in their official capacities are not persons under section 1983). So we affirm the district court's dismissal of Krebs's amended complaint.

## BACKGROUND

While incarcerated at El Dorado Correctional Facility, Krebs filed a complaint asserting claims under 42 U.S.C. § 1983. Krebs broadly alleged that security lapses at El Dorado Correctional Facility and other facilities had placed him and other prisoners at risk. He claimed that understaffing at El Dorado Correctional Facility

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In his complaint, Krebs asserts that the defendants "are State Correctional entities operating under orders of laws of the State of Kansas." R. vol. 1 at 4.

2

had led to "safety and security practices . . . less than what they should be." R. vol. 1 at 5. Krebs also asserted that he and other prisoners "have been left in situations of risk of physical harm, and [he] and others have also been physically harmed in unjust fashions that could have been prevented." *Id.* at 6. In Krebs's amended complaint, he sued additional correctional facilities and requested that the case "be changed to a class action."[2] *Id.* at 16.

The magistrate judge entered a detailed order instructing Krebs to show why the district court should not dismiss his amended complaint for failure to state a claim.[3] The order gave Krebs twenty days to make this showing. To avoid dismissal, Krebs requested that the district court construe the correctional facilities mentioned in the amended complaint to include the "superior employees of those entities," such as the "wardens." *Id.* at 31. And Krebs reiterated his general allegations of deficient security practices and equipment.

After reviewing Krebs's response, the district court dismissed his amended complaint without prejudice. The district court concluded that even broadly construing his amended complaint as asserting claims against the wardens, Krebs still failed to state a claim because the wardens would be sued only in their official

---

[2] Although Krebs calls this document an Amended Complaint, it is a two-page addition to the Complaint, naming additional facilities as defendants and making a barren request to include an unstated class-action claim.

[3] The magistrate judge also required Krebs to submit proof of payment of his initial filing fee of $1.00.

3

capacities. *Id.* at 39. In addition, the district court noted that Krebs's amended complaint failed even to allege how or when any warden had violated his rights.

**DISCUSSION**

Because Krebs appears pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In doing so, we are more lenient about deficient pleadings, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* And we will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

On appeal Krebs doesn't claim that the district court erred in concluding that he is not entitled to bring a claim under section 1983 against the wardens in their official capacity. Instead, Krebs restates his claims that he has been mistreated by prison officials and that more recording equipment is needed.

We agree with the district court that Krebs's amended complaint fails to state a plausible claim. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will*, 491 U.S. at 66. Krebs asserts claims against fifteen State correctional facilities. But States and

4

their agencies are not persons subject to suit under section 1983. *Id.* at 64. So Krebs

fails to assert a plausible claim against the correctional facilities.

Krebs requests that we broadly construe his amended complaint as asserting

claims against the wardens of the correctional facilities. But state officials acting in

their official capacities are not persons under section 1983. *Id.* at 71.

> Obviously, state officials literally are persons. But a suit against a state
> official in his or her official capacity is not a suit against the official but
> rather is a suit against the official's office . . . . As such, it is no
> different from a suit against the State itself.

*Id*. Because state officials cannot be sued in their official capacities under section

1983, Krebs's amended complaint—even broadly construed—fails to state a claim

for relief.[4]

For these reasons, we affirm the district court's dismissal of Krebs's amended

complaint. Krebs's motion for leave to proceed without prepayment of costs and fees

is denied. Krebs is ordered to immediately pay any unpaid balances.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[4] We cannot construe Krebs's amended complaint so broadly as to assert claims against individual defendants in their individual capacities. Among other deficiencies, Krebs has not alleged that any individual deprived him of his constitutional rights. We cannot furnish Krebs new factual allegations or construct new legal theories for him. *Whitney*, 113 F.3d at 1173–74.